92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael VILLAPONDO-RODRIGUEZ, a/k/a Rafael Montano
Villapando, a/k/a Hector Manuel Rodriguez, a/k/a
Alejandro Montano Villapando, a/k/a
Alejandro Munoz Ramirez,
Defendant-Appellant.
 No. 95-50229.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided July 30, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Villapondo-Rodriguez appeals his conviction for being a deported alien found in the United States after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). Villapondo-Rodriguez contends that he was denied a fair trial and that his conviction should be reversed because of: (1) the district court's sua sponte instruction to disregard part of a government witness's testimony; and (2) the prosecutor's statement during closing argument that Villapondo-Rodriguez had previously been deported. We have jurisdiction pursuant to 28 U.S.C. § 1291, and reverse.
 
 
 3
 The district court ordered the government to instruct one of its witnesses not to testify about Villapondo-Rodriguez's statement that he had previously been convicted of "murder." During trial, however, the witness testified to this statement whereupon defense counsel moved for a mistrial. The district court initially granted the motion, but after determining that the government and its witness had not intentionally violated its order, the court allowed the trial to proceed, took the motion for mistrial under submission, and sua sponte instructed the jury:
 
 
 4
 The last statement of the witness was not timely provided and so the Court had excluded that from the testimony. The Government violated the Court's order. The Court has concluded that the violation was unintentional and in error. I am asking you to disregard the last statement. Can all of you follow that instruction? Is there anybody unwilling to set that aside?
 
 
 5
 Before the jury began its deliberation and while the motion for mistrial was still under submission, defense counsel objected to the district court's instruction contending that it compounded the error. The court noted the objection.
 
 
 6
 In its closing argument, the government referred to the fact that the defendant had been deported to Mexico on October 23, 1994, and then went on to state that "[Villapondo-Rodriguez] had been deported before." The court sustained defense counsel's objection to this argument and instructed the jury to disregard it.
 
 
 7
 Villapondo-Rodriguez contends that he did not receive a fair trial in light of the district court's sua sponte instruction and the government's statement during closing argument. We agree.
 
 
 8
 "Although each of the above errors, looked at separately, may not rise to the level of reversible error, their cumulative effect may nevertheless be so prejudicial ... that reversal is warranted." United States v. Wallace, 848 F.2d 1464, 1475 (9th Cir.1988). "We recognize that a trace of prejudice may remain even after a proper instruction is given. If we find a residue of prejudice, we will take it into account." United States v. Berry, 627 F.2d 193, 201 (9th Cir.1980), cert. denied, 449 U.S. 1113 (1981).
 
 
 9
 Here, the jury could reasonably have inferred from the district court's instruction that the witness's statement would not be introduced only because it was not timely provided to the defense, rather than for the reason that it was an incorrect statement. The record of the proceedings below shows that there was no evidence that Villapondo-Rodriguez had been previously convicted of murder. Therefore, the district court's instruction did not cure the harm of the statement because the court failed to correct the impression that Villapondo-Rodriguez had been previously convicted of both murder and voluntary manslaughter, when he had, in fact, been convicted of voluntary manslaughter only--the aggravated felony that formed the basis of the charge against him. See id.
 
 
 10
 With regard to the government's closing argument, the government concedes that there was no support in the record for an argument that Villapondo-Rodriguez had been previously deported. Therefore, beyond the charge in the indictment, the jury was incorrectly informed that Villapondo-Rodriguez had been convicted of murder and had been previously deported. On this basis, we lack confidence that Villapondo-Rodriguez received a fair trial and we therefore reverse his conviction and remand for a new trial. See Wallace, 848 F.2d at 1475.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3